UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURT KASS,<br><br>          Plaintiff,<br><br>v.<br><br>MINERAL COUNTY COMMISSIONERS et al.,<br><br>          Defendants. | 3:07-CV-00095-LRH-VPC<br><br>ORDER |

Five motions are presently before the court: (1) Defendants's Motion to Dismiss (#32[1]); (2) Plaintiff's Motion to Correct Error of Motion Filing (#56); (3) Plaintiff's Expedited Motion for Extension of Time Within Which to Reply to Defendants' Reply in Support of Defendants' Reply in Support of Defendants' Motion to Strike Plaintiff's Opposition to Defendants Motion to Dismiss (#59); (4) Plaintiff's Expedited Motion for Extension of Time Within Which to Reply to Defendants' Opposition to Plaintiff's Motion to Correct Error of Motion Filing (#61); and (5) Plaintiff's Expedited Motion for Extension of Time Within Which to Reply to Defendants' Opposition to Plaintiff's Motion to Correct Error of Motion Filing (#62).

**I.      Facts and Procedural History**

Plaintiff Curt Kass brought this action on February 28, 2007.  (#2.)  On March 9, 2007,

---

[1]Refers to the court's docket

Plaintiff filed an amended complaint.  (#3.)  On May 22, 2007, Defendants filed a motion for a more definite statement (#11), which this court granted in a February 12, 2008, minute order (#28).

In that order, the court directed Plaintiff to revise his amended complaint to make it more definite.  On March 18, 2008, Plaintiff filed his second amended complaint (#29); and on April 3, 2008, Defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted (#32).

**II.    Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint need only satisfy the Federal Rule of Civil Procedure 8(a) notice pleading standard.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal citations omitted).  "[P]ro se pleadings are liberally construed,

particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Discussion

In support of their motion to dismiss, Defendants argue that the "[t]he Second Amended Complaint is a long, complex prose narration that is not only contrary to the Rule 8(a) and this Court's instruction, but fails to give the Defendants' fair notice of what the claim arises from and the grounds upon which it rests." (Mot. to Dismiss (#32) at 5.)  The court is compelled to agree.

While Plaintiff appears to allege violations of his First, Fourth, Fifth, and Fourteenth Amendment rights, he does not support these allegations in any comprehensible form.  His second amended complaint simply fails to constitute "a short and plain statement" of Plaintiff's claims "showing that [he] is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Even giving Plaintiff the wide latitude owed to him as a pro se plaintiff, his complaint does not raise a right to relief above the speculative level.  Defendants' motion to dismiss is therefore granted without prejudice.  The court urges Plaintiff to seek counsel to assist in the preparation of any third amended complaint.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#32) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Correct Error of Motion Filing (#56) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Expedited Motion for Extension of Time Within Which to Reply to Defendants' Reply in Support of Defendants' Reply in Support of Defendants' Motion to Strike Plaintiff's Opposition to Defendants Motion to Dismiss (#59) is DENIED, as the Local Rules of Civil Practice do not allow a reply to a reply.  LR 7-2.

IT IS FURTHER ORDERED that Plaintiff's Expedited Motion for Extension of Time Within Which to Reply to Defendants' Opposition to Plaintiff's Motion to Correct Error of Motion Filing (#61) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Expedited Motion for Extension of Time

Within Which to Reply to Defendants' Opposition to Plaintiff's Motion to Correct Error of Motion Filing (#62) is DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE