1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    CURT KASS,                              )
                                             )
10                    Plaintiff,             )          3:07-cv-00095-LRH-VPC
                                             )
11   v.                                      )
                                             )          ORDER
12   MINERAL COUNTY COMMISSIONERS            )
     et al.,                                 )
13                                           )
                      Defendants.            )
14   _____)

15          Plaintiff Curt Kass initiated this action on February 28, 2007.  After Plaintiff filed an

16   amended complaint (#3[1]), Defendants filed a motion for a more definite statement (#11), which

17   this court granted in a February 19, 2008, minute order (#28).

18          On March 18, 2008, Plaintiff filed a second amended complaint (#29), which this court

19   dismissed for failure to state a claim in a January 14, 2009, order (#69).  In its order, the court

20   urged Plaintiff to seek counsel to assist in the preparation of any third amended complaint.

21   Plaintiff did not obtain counsel, but did, on August 11, 2009, file a third amended complaint.

22          Since that time, the parties have filed a total of nine motions.  Although in their various

23   motions and responses, the parties dispute an array of issues, the primary dispute now before the

24   court is whether the third amended complaint states a claim upon which relief can be granted.

25   _____

26          [1]Refers to the court's docket entry number

**I.     Legal Standard**

Defendants seek dismissal of the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the

1    form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to

2    survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

3    that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting*

4    *Iqbal*, 129 S. Ct. at 1949)

5    **II.    Discussion**

6           In the third amended complaint, Plaintiff alleges violations of his First, Fifth, and

7    Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  In its previous order dismissing the

8    second amended complaint, the court found that Plaintiff failed to support his allegations in any

9    comprehensible form.  While the third amended complaint appears to suffer from similar

10   deficiencies, the court understands the challenges Plaintiff faces and, in an attempt to bring this

11   case to a resolution, has thoroughly reviewed the complaint for any factual bases that might support

12   Plaintiff's claims.  The court will review each count alleged in the third amended complaint below.

13          **A.  Count One**

14          In Count One, Plaintiff alleges that Defendants Bryant, Fowler, and Black each received

15   binders containing Plaintiff's "In-Good Faith Communications in Furtherance of [his] Right to

16   Petition . . . ."  (Third Am. Compl. (#78) at 4.)  Plaintiff furthers states that on October 4,

17   October 18, and November 1, 2006, Defendants held hearings concerning Plaintiff's "In-Good

18   Faith Communication."  Plaintiff then refers to "Defendant Bryant's chilling dispositive action, and

19   Defendants Fowler and Black's collusion . . . ," and states, "Defendants' biased collusive action,

20   discriminated illegal regulation of my petition rights . . . ."  (*Id.*)  Based on this conduct, Plaintiff

21   claims Defendants violated his rights under the First and Fourteenth Amendments.

22          The court finds that Plaintiff has failed to state a claim under either the First or Fourteenth

23   Amendments.  While it is not clear what Plaintiff's "In-Good Faith Communications" discussed, it

24   appears that Mineral County held hearings concerning these "Communications."  Further, although

25   Plaintiff generally refers to "chilling dispositive action" and "collusion" Plaintiff fails to identify

26

any specific facts clarifying or supporting these allegations.  Under these circumstances, the court finds that Plaintiff has failed to state a claim for the denial of his rights under the First or Fourteenth Amendments.

### B. Count Two

In Count Two, Plaintiff alleges that on November 8, 2006, he delivered an agenda item to the Senior Deputy Clerk/Treasurer, Brenda Jones, for inclusion in the agenda for the November 15, 2006, meeting of the Mineral County's Board of County Commissioners.  It appears that Plaintiff's agenda item was a proposal for Mineral County to create a "Specialized or Local [E]thics [C]ommittee" pursuant to Nevada Revised Statutes section 281A.470.[2]  (*Id.* at 5.)  Plaintiff then alleges that his agenda item was never actually placed on the agenda.  Plaintiff asserts that he saw a note on his agenda item signed by Defendant Bryant instructing Jones not to place Plaintiff's agenda item on any agenda.  Based on this conduct, Plaintiff alleges that Defendant Bryant violated his rights under the First and Fourteenth Amendments and also alleges a claim for intentional infliction of emotional distress.

To determine whether Plaintiff has stated a claim under Count Two, the court must consider whether Plaintiff possessed a First Amendment right to place an item on the agenda for the County Commissioners meeting.[3]  "Citizens are not entitled to exercise their First Amendment rights

---

[2]Although in his complaint Plaintiff references section 281.541, this section has been transferred to section 281A.470.

[3]It appears that Plaintiff bases his Fourteenth Amendment claim on the denial of his First Amendment rights.  Because Plaintiff has failed to state a claim for violation of his First Amendment rights, his Fourteenth Amendment claim likewise fails.  To the extent Plaintiff is attempting to state a Fourteenth Amendment claim for the denial of due process based on the deprivation of some other right to life, liberty, or property, Plaintiff has failed to identify such a protected right.

In addition, Plaintiff's claim for intentional infliction of emotional distress also fails.  Plaintiff's complaint does not allege Defendants engaged in the type of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.  *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (citations omitted) (Extreme and outrageous conduct "is that which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'")

4

1   whenever and wherever they wish." *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 269

2   (9th Cir. 1995) (citation omitted).  Instead "[the Ninth Circuit's] well-settled law gives great

3   discretion to presiding officers in enforcing reasonable rules for orderly conduct of meetings."

4   *Norse v. City of Santa*, 586 F.3d 697, 699 (9th Cir. 2009).  Thus, the Ninth Circuit has held,

5   "[L]imitations on speech at [city council and city board] meetings must be reasonable and

6   viewpoint neutral, but that is all they need to be."  *Kindt*, 67 F.3d at 271.

7       In the third amended complaint, Plaintiff has not alleged that Defendants' restriction on his

8   speech at the County Commissioners meeting was unreasonable or based on its content.  In

9   addition, Plaintiff neither identifies a statute or regulation giving him the right to place an item on

10  the agenda nor alleges that other members of the public are entitled to place items on the agenda.

11  Similarly, Plaintiff does not allege that the meetings are generally open to the public or that he

12  attempted to speak at a meeting on a relevant issue and was denied the opportunity.  Instead, all

13  that Plaintiff alleges is that he asked to speak on an issue and was refused.  As noted, Plaintiff is

14  not constitutionally entitled to address any issue of his choosing at a city council or board meeting.

15  *See City of Madison, Joint Sch. Dist. No. 8 v. Wis. Employment Relations Comm'n*, 429 U.S. 167,

16  175 n.8 (1976) ("Plainly, public bodies may confine their meetings to specified subject matter . . .

17  .").  Under these circumstances, Plaintiff has failed to state a claim for relief.

18      **C.  Count Three**

19      In Count Three, Plaintiff alleges that in December of 2005, the Mineral County Building

20  Inspector, Jerry Goodyear, "refused [his] applications of essential fence & building permits."

21  (*Id.* at 6.)  In particular, Plaintiff alleges that the Building Inspector would not approve his

22  applications until Plaintiff either "removed and destroyed" his house or brought "2/3 of [the

23  house's] foundation and west property line location up to current building code enforcement."  (*Id.*)

24  Plaintiff alleges that Goodyear, pursuant to a "Grandfather Clause," permitted existing and new

25  residents exemptions from the building codes but denied that any such exemptions applied to

26

1   Plaintiff.  Based on this conduct and the policies pursuant to which Defendants acted, Plaintiff

2   alleges Defendants violated his right to due process under the Fourteenth Amendment.

3       To establish a substantive due process violation pursuant to 42 U.S.C. § 1983, a plaintiff

4   must demonstrate (1) a deprivation of life, liberty, and property and (2) "conscience shocking

5   behavior by the government."  *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).  The court

6   finds, as a matter of law, that the allegations in Plaintiff's complaint do not rise to the level of

7   "conscience shocking behavior."  Plaintiff does not allege that Defendants applied the building

8   code in a discriminatory manner because of his race, disability, or other impermissible

9   classification.  Instead, Plaintiff's complaint indicates that Defendants applied the building code to

10  him and that Plaintiff did not qualify for the "Grandfather Clause" that may have permitted him an

11  exemption from the building code.  These allegations simply do not support a due process claim.

12      **D.  Count Four**

13      In Count Four, Plaintiff again alleges that Goodyear required him to remove the house on

14  his property because it was not permissible under the Mineral County Building Code.  Plaintiff

15  states, "I [was] never . . . provided any options for due process procedures and I did diligently seek

16  them."  (*Id.* at 6-A.)  After Plaintiff destroyed the building, he sought building permits.  Plaintiff

17  alleges that during this process he was again denied due process.

18      Thus, Plaintiff contends he was denied procedural due process when Defendants (1)

19  required him to destroy the building on his property and (2) denied him building permits.  "The

20  first step in every due process challenge is whether the plaintiff has been deprived of a protected

21  interest in 'property' or 'liberty.'" *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59

22  (1999).  Only after the court has found that the plaintiff has been deprived of a protected interest

23  does the court consider whether the procedures the state afforded to the plaintiff complied with due

24  process. *Id.*

25      The court first finds that Plaintiff has failed to allege that he has a protected property

26

6

interest in obtaining a building permit. "A property interest in a benefit protected by the due process clause results from a legitimate claim of entitlement created and defined by an independent source, such as a state or federal law." *Parks v. Watson*, 716 F.2d 646, 656 (9th Cir. 1983) (internal quotation marks and citation omitted).  While state statutes providing for particular procedures may amount to entitlements protected by due process, such instances are limited to when the "procedural entitlements were intended to operate as a significant substantive restriction on the agency's actions." *Id.* at 656-57 (citations omitted).  Here, in the third amended complaint, Plaintiff has failed to identify any state or local law creating an entitlement to a building permit. As such, Plaintiff has failed to allege that he has a protected property interest in obtaining a building permit.

Regardless, however, the Ninth Circuit has recognized a "constitutionally protected property interest in a landowner's right to devote [his or her] land to any legitimate use." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 949 (9th Cir. 2004), *overruled in part on other grounds*, *Action Apartment Ass'n v. Santa Monica Rent Control Opinion Bd.*, 509 F.3d 1020 (9th Cir. 2007) (recognizing a protected property interest where the "alleged overzealous and selective regulation of [the plaintiff] interferes with its use of its real property.").  Plaintiff's complaint indicates that, in attempting to petition the government to permit him to keep the building on his property and to further develop the property, he was attempting to put his land to legitimate residential or rental use.  Plaintiff therefore has alleged a legitimate property interest in the use of his land.

Procedural due process requires that the government provide notice and an opportunity to be heard before it may deprive a person of a protected property interest.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  While it appears that Plaintiff had notice, Plaintiff alleges that he sought and was denied an opportunity to be heard.  Accordingly, the court finds that Plaintiff has stated a claim for relief for the denial of his procedural due process rights.

7

**E.  Statute of Limitations**

Finally, Defendants argue that Plaintiff cannot now add the Mineral County Justice of the Peace Township as a party in the third amended complaint because the statute of limitations has run.  As Defendants note, the statute of limitations for Plaintiff's claims is two years.  *See* Nev. Rev. Stat. § 11.190(4).  Because Plaintiff alleges that Defendants' injurious conduct occurred in 2006, Defendants contend that the two-year statute of limitations bars Plaintiff from naming Mineral County as a party in the third amended complaint, which Plaintiff filed in August of 2009.

"[A] proper defendant may be brought into the action after the statute of limitations has run if the proper defendant (1) received actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment."  *Echols v. Summa Corp.*, 601 P.2d 716, 717 (Nev. 1979) (citation omitted).  These requirements are satisfied here.  Mineral County received actual notice before the expiration of the statute of limitations through service upon the individual defendants, who appear to be employees or agents of Mineral County.  As Plaintiff alleges that the individual defendants acted pursuant to a policy or custom implemented by Mineral County, it appears that Mineral County should have known that it was a proper party.  Finally, the court finds that, despite Plaintiff's confusion and in light of his status as a pro se litigant, Mineral County has not been misled or prejudiced by the amendment.  Accordingly, the court will permit Plaintiff to add Mineral County as a party.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (#82, 92) are GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Leave of Court Permitting Corrections of Communication Errors" (#80) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (#86) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Reply (#89) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Pretrial Settlement Conference (#90) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to "Repair Defendant Information" (#91) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (#96) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (#98) is GRANTED.

IT IS FURTHER ORDERED that within thirty (30) days after the entry of this order Plaintiff shall file a fourth amended complaint including only the allegations identified above as stating a claim upon which relief can be granted.  In particular, the fourth amended complaint shall include only a procedural due process claim based on Defendants' restrictions on the development of Plaintiff's property.  In addition, Plaintiff shall include Mineral County as a named Defendant. No further amendments will be permitted.  The court again urges Plaintiff to seek counsel to assist in the preparation of the fourth amended complaint.

IT IS SO ORDERED.

DATED this 21st day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE