1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *

9    CURT KASS,                          )
                                         )
10                    Plaintiff,         )          3:07-cv-00095-LRH-VPC
                                         )
11   v.                                  )
                                         )          <u>ORDER</u>
12   MINERAL COUNTY COMMISSIONERS         )
     et al.,                             )
13                                       )
                      Defendants.        )
14   _____)

15          On January 21, 2010, the court granted Plaintiff Curt Kass thirty days to file a fourth

16   amended complaint asserting only a procedural due process claim based on Defendants'

17   restrictions on the development of his property.  Plaintiff has now filed motions seeking (1)

18   appointment of counsel and (2) an extension of time to file the fourth amended complaint.

19   Defendants have opposed both motions.

20   **I.     Request for Counsel**

21          Plaintiff asks the court to appoint him an attorney because he is disabled and has other

22   health problems.  Generally, in civil actions a person has no right to counsel.  *Palmer v. Valdez*,

23   560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).  However, pursuant to

24   28 U.S.C. § 1915(e)(1), under exceptional circumstances the court may request counsel for

25   indigent civil litigants.  *Id.* (citation omitted).  "A finding of exceptional circumstances requires an

26   evaluation of both the likelihood of success on the merits as well as the ability of the petitioner to

1  articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v.*

2  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1996) (internal quotation marks and citation omitted).

3       Here, on the limited record before it, the court cannot determine Plaintiff's likelihood of

4  success on the merits.  Regardless, however, Plaintiff's claims are not sufficiently complex to

5  necessitate the assistance of counsel.  Plaintiff's difficulty in presenting his claims is not based on

6  the complexity of the legal issues involved but rather on the general difficulties all pro se litigants

7  face.  To date, Plaintiff has been able to file briefs and supporting documents, and Plaintiff does

8  not appear incompetent.  Accordingly, the court will deny Plaintiff's request for appointment of

9  counsel.[1]

10  **II.      Motion to Extend Time**

11       In relevant part, Federal Rule of Civil Procedure 6(b)(1) provides that the court may extend

12  the time for filing a pleading where the delay in filing is a result of excusable neglect.  Fed. R. Civ.

13  P. 6(b)(1)(B).  In *Pioneer Investment Services Company v. Brunswick Associates Limited*

14  *Partnership*, 507 U.S. 380 (1993), the United States Supreme Court created a four-part test for

15  determining whether a late filing is a result of excusable neglect.[2]  Thus, in determining whether

16  Plaintiff's delay is excusable here, the court looks to the following factors: (1) the danger of

17  prejudice to Defendants; (2) the length of delay and its potential impact on judicial proceedings; (3)

18  the reason for the delay, including whether it was within the reasonable control of Plaintiff; and (4)

19  whether Plaintiff's conduct was in good faith.  *See Pincay*, 389 F.3d at 855 (*citing Pioneer*, 507

20  U.S. at 395).

21

22       [1]Plaintiff also requests counsel pursuant to 28 U.S.C. § 462 and 28 C.F.R. § 39.160.  Neither of these

23  provisions, however, provide for the appointment of counsel.

24       [2]Although the Court in *Pioneer* considered the meaning of "excusable neglect" under Federal Rule of
Bankruptcy Procedure 905(b)(1), the Court also reviewed the various contexts in which the federal rules of

25  procedure use the term and indicated that the same test applies in all context. *Pincay v. Andrews*, 389 F.3d 853,
855 (9th Cir. 2004).

26

1         The court has reviewed the record and finds that Plaintiff has not shown that his failure to

2  timely file a fourth amended complaint was a result of excusable neglect.  Although the court is

3  sympathetic to Plaintiff's health issues and does not doubt that Plaintiff has acted in good faith, this

4  case has been pending for over three years, and Plaintiff has yet to file an actionable complaint.

5  Throughout this litigation, the court has repeatedly provided Plaintiff with additional time to file

6  amended pleadings and other documents and has admonished Plaintiff it would not permit

7  additional untimely filings and extensions.  Further, Plaintiff has not requested a specific date for

8  the extension and instead states that he will file a fourth amended complaint "as soon as his health

9  allows."  (Pl.'s Mot. (#109) 5.)  In light of the repeated delay and the likelihood for continued,

10  indefinite delay, the prejudice to Defendants is readily apparent.  For these reasons, the court will

11  deny Plaintiff additional time to file a fourth amended complaint.

12         IT IS THEREFORE ORDERED that Plaintiff's Motions to Extend Time and for

13  Appointment of Counsel (#109, 110) are DENIED.

14         This action is hereby dismissed without prejudice.

15         The Clerk of the Court shall enter judgment accordingly.

16         IT IS SO ORDERED.

17         DATED this 30th day of March, 2010.

18

19

20                                   _____
                                      LARRY R. HICKS

21                                        UNITED STATES DISTRICT JUDGE

22

23

24

25

26